UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHER DIVISION at ASHLAND

THOMAS L. McCAULEY )
)
    Plaintiff, )     Civil Action No. 12-100-HRW
)
v. )
)    **MEMORANDUM OPINION &**
MICHAEL SEPANEK, *Warden*, )         **ORDER**
)
    Respondent. )

**** **** **** ****

Thomas L. McCauley ("McCauley") is an inmate confined in Federal Correctional Institution ("FCI") in Ashland, Kentucky. Proceeding without an attorney, McCauley has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence. [R. 1] McCauley has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).

The Court evaluates McCauley's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts McCauley's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny it because McCauley can not pursue his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

The Court can not obtain complete information about McCauley's criminal conviction because it predated the advent of federal court system's online PACER database.[1]  However, based on the allegations in McCauley's § 2241 petition and information from McCauley's subsequent court proceedings which can be accessed through PACER, it appears that on September 12, 2006, a federal grand jury in Ohio returned a two-count indictment against McCauley charging him with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and possession of cocaine in violation of 21 U.S.C. § 844. *United States v. McCauley*, No. 3:06-CR-00154-TBS-MJN-2 (S. D. Ohio. 2006)  Two months later, the government filed a notice of

---

[1]
   The PACER Case Locator is a national index for U.S. district, bankruptcy, and appellate courts. *See* https://pcl.uscourts.gov/search.

its intention to seek enhanced sentencing under the Armed Career Criminal Act (ACCA),[2] based on McCauley's prior convictions.

On March 12, 2007, McCauley filed a motion to suppress evidence recovered during the search of both his residence and vehicle. The district court held an evidentiary hearing the following day and denied McCauley's suppression motion. On March 15, 2007, McCauley entered conditional guilty pleas to both counts of the indictment pursuant to a plea agreement which preserved his right to appeal the suppression ruling.  Pursuant to an enhancement under the ACCA, McCauley was sentenced to a mandatory 15 year term of imprisonment on the § 922(g) firearm offense, followed by five years of supervised release, and to time served on the cocaine possession offense.   McCauley timely appealed, but the Sixth Circuit affirmed his conviction and sentence. *United States v. McCauley*, 548 F.3d 440 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 1601 (2009).

---

2

The ACCA imposes a mandatory minimum sentence of fifteen years on career criminals.  The statute provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years....

18 U.S.C. § 924(e)(1).  The statute defines career criminals as those people who have committed three predicate violent felonies "on occasions different from one another."

Following his appeal, McCauley filed a motion to vacate his sentence under 28 U.S.C. § 1651(a) and 28 U.S.C. § 2255 [D. E. No. 88, therein] and thereafter supplemented his motion several times.  McCauley alleged that the police arrested him without probable cause and searched his vehicle without either probable cause or lawful consent; that his ACCA-enhanced prison sentence constituted double punishment for one offense and thereby violated the Fifth Amendment's Double Jeopardy Clause; that his conviction violated both his Second Amendment right to possess a firearm and his Fifth Amendment right to due process of law; and that because he received ineffective assistance of counsel in violation of his rights guaranteed by the Sixth Amendment right, his guilty plea was unintelligent and involuntary and should be set aside.

On August 11, 2011, the Magistrate Judge issued a Report and Recommendation ("R & R") recommending the dismissal of McCauley' § 2255 motion. [D. E. No. 107, therein]  The Magistrate Judge determined that none of McCauley's various constitutional challenges to his conviction and sentence were meritorious.  [*Id.*, pp. 4-9]  McCauley did not file objections to the R & R.

On November 11, 2011, the district court adopted the R & R in its entirety [D. E. No. 108, therein], but after McCauley filed a motion stating that he had never been served with a copy of the R & R and had no knowledge of its filing [D. E. No. 109,

4

therein], the district court granted McCauley's motion for reconsideration and set aside the judgment denying his § 2255 motion. [D. E. No. 110, therein]  McCauley then filed Objections to the R & R, essentially reiterating the claims he had previously alleged in his § 2255 motion and amendments thereto. [D. E. No. 112, therein]  The government did not respond to McCauley's Objections.

On February 14, 2012, the district court adopted the R & R and denied McCauley's § 2255 motion, concluding that all four of his constitutional claims lacked merit. [D. E. No. 113, therein]  The court rejected McCauley's claim that his ACCA-enhanced sentence violated the Double Jeopardy Clause, noting that the Sixth Circuit has consistently held that the Double Jeopardy Clause does not prohibit additional punishment under the ACCA if it is proven that a defendant had been convicted of offenses of a certain nature. [*Id.*, pp. 6-7]  The court further determined that the Magistrate Judge had properly concluded that McCauley failed to demonstrate that his trial counsel had rendered ineffective assistance during his criminal proceeding. [*Id.*, pp. 8-9 (citing the R & R, D. E. No. 107, pp. 5-9, therein)]

McCauley appealed. [D. E. No. 114, therein]  On September 21, 2012, the Sixth Circuit denied McCauley's application for a certificate of appealability, finding that he had not made a substantial showing that either his Second or Fifth

Amendment rights had been violated.  [D. E. No.117, therein]  On January 7, 2013,

the Sixth Circuit denied McCauley's petition for rehearing.  [D. E. No. 118, therein]

## CLAIMS ASSERTED IN § 2241 PETITION

McCauley asserts four basic claims in his § 2241 petition.  First, McCauley

alleges that he is "actually innocent" of being an armed career criminal because his

trial counsel rendered ineffective legal assistance to him during various stages of his

federal criminal proceeding.  Specifically, McCauley alleges that his trial counsel

failed to adequately investigate his criminal history and failed to object to the

sentencing court's treating two of his prior aggravated robbery convictions as

separate and distinct offenses for enhancement under the ACCA.  [D. E. No. 1-1, pp.

5-9] McCauley's allegation of ineffective assistance of counsel falls under the Sixth

Amendment of the U.S. Constitution, under which a criminal defendant is guaranteed

effective assistance of counsel.

Second, McCauley extends his Sixth Amendment claim to allege that the

sentencing court improperly treated two of his prior aggravated robbery convictions

as two separate offenses under the ACCA-instead of one continuing enterprise.  On

this issue, McCauley alleges that he was denied due process of law in violation of the

Fifth Amendment of the U.S. Constitution.  [*Id.*, pp. 9-14]

Third, McCauley alleges that the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), renders his sentence is unconstitutional. [*Id*, pp. 18-19] *Begay* holds that DUI convictions are not violent felonies under the ACCA. *Begay* 553 U.S. at 144-48. Subsequent cases extended Begay's analysis to other categories of criminal offenses. *See, e.g., Chambers v. United States*, 555 U.S. 122, 129 S. Ct. 687, (2009), (holding that felony escape convictions based on the a defendant's failure to report were not violent felonies under the ACCA). McCauley alleges that under *Begay*, his prior aggravated robbery convictions did not qualify as violent felony offenses under the ACCA, and that *Begay* applies retroactively to his claims.

Fourth, McCauley argues that under *Sawyer v. Whitley*, 505 U.S. 333 (1992), he is entitled to relief from his conviction and sentence. In *Sawyer*, a state death penalty prisoner filed a second or successive § 2254 petition alleging a constitutional error in the jury's determination that he should be sentenced to death; the issue was whether a constitutional error in capital sentencing would fit within the actual innocence exception. The Supreme Court held that the actual innocence exception applies to constitutional errors in capital sentencing only when the errors resulted in the petitioner becoming statutorily eligible for a death sentence that could not otherwise have been imposed. *Sawyer*, 505 U.S. at 348–50.

McCauley asks that his conviction be vacated and that he be re-sentenced absent the enhancement provisions of 18 U.S.C. § 924(e) and that he receive any other sentencing reductions to which he may be entitled. [D. E. No. 1-1, p. 23]

## DISCUSSION

McCauley is not challenging any aspect of the *execution* of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of Section 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, McCauley alleges that his underlying firearm and drug conviction was unconstitutional because he was denied effective assistance of counsel during various stages of his criminal proceeding, and that the sentencing court erred by determining that he was an armed career criminal and by imposing an excessive sentence.

However, § 2241 is not the mechanism for asserting such challenges: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his

remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a prisoner may take advantage of this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply either where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he asserted his claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Under this framework, McCauley fails to demonstrate that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention. Two of the claims which McCauley asserts in this § 2241 petition--that he was denied effective assistance of counsel at the sentencing phase, and that his sentence was improperly enhanced under the ACCA--are the same claims which he previously and unsuccessfully asserted in his § 2255 motion. In the R & R, the Magistrate Judge

9

rejected those same claims on their merits, determining that McCauley had not been

denied effective legal representation and that he had been properly sentenced under

the ACCA; the district court fully adopted the R & R; and on appeal, the Sixth Circuit

declined to issue a certificate of appealability.[3]

The remedy provided under § 2255 is not rendered inadequate and ineffective

if, as in McCauley's case, the prisoner presented a claim in a § 2255 motion but was

---

[3]

McCauley continues to ignore that in affirming his conviction and sentence, the Sixth Circuit specifically determined that his two 1987 convictions for aggravated robbery constituted two separate qualifying offenses under the ACCA, even though the convictions were consolidated for sentencing purposes. *United States v. McCauley*, 548 F.3d at 448-49. The Sixth Circuit stated:

> Appellant was convicted of two counts of aggravated robbery at a hearing that took place on November 16, 1987. At that hearing, he was convicted of the offenses which had occurred on February 6, 1987 and May 16, 1987. Appellant argues that, under the ACCA, his two 1987 convictions were not "committed on occasions different from one another" because they were consolidated for sentencing purposes.

> The clear language of the ACCA reveals that appellant's prior convictions in fact satisfy its requirements. The word "committed" in § 924(e) indicates that the criminal acts must have occurred on separate occasions, not that their resulting convictions must take place on separate dates. That the two 1987 offenses occurred on different dates is not in dispute. **Appellant expressly stipulated that he was convicted of both aggravated robbery and felonious assault in 1976 and two counts of aggravated robbery in 1987 occurring on May 15, 1987 and February 6, 1987.**

> Beyond the statute's clear language, this court has held that the fact that a defendant was convicted for two offenses during the same judicial proceeding does not prevent those offenses from constituting "occasions different" under the ACCA.
> . . . .
> Our precedent on this issue is clear, as is the language of the ACCA. Appellant's two 1987 convictions were properly treated as separate qualifying convictions under the ACCA. Accordingly, we hold that the district court correctly ruled that appellant should be sentenced under the ACCA.

*Id.* (Emphasis added)

denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758.

The burden is on the § 2241 petitioner to establish that his remedy under § 2255 was inadequate or ineffective to challenge his detention. *Martin*, 319 F.3d at 804–05. Because McCauley does nothing more than reiterate the same Fifth and Sixth Amendment claims which he unsuccessfully advanced in his § 2255 motion, he has not carried that burden as to those claims, and he can not use § 2241 to make an end-run around § 2255's procedural hurdles.

Additionally, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). To make this showing, the movant must cite a new rule of law made

11

retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

McCauley likewise can not make that showing as to his Fifth and Sixth Amendment claims because he has not cited a new rule of law made retroactive by the United States Supreme Court. McCauley cites *Begay* to support his claim that his prior aggravated robbery convictions did not qualify as predicates for an ACCA sentence enhancement, but his argument ignores two facts. First, *Begay* was rendered on April 16, **2008**, while McCauley's direct appeal of his conviction and sentence was pending in the Sixth Circuit, so it is logical to assume that if *Begay* offered McCauley any substantive relief as to his conviction and/or sentence, the Sixth Circuit would have mentioned the case in its November 25, 2008, Opinion affirming McCauley's conviction and sentence. The Sixth Circuit did not mention *Begay*.

Second, assuming for argument's sake that the Sixth Circuit erred by not addressing *Begay* when it affirmed McCauley's conviction and sentence, McCauley could and should have asserted a *Begay* claim in the § 2255 motion he filed in the sentencing court in 2009, but he did not do so. McCauley may not assert a *Begay* claim in a § 2241 petition when he had a prior opportunity to assert that claim in his § 2255 motion, but did not do so. *Charles*, 180 F.3d. at 756.

12

Because McCauley alleges that he was denied effective assistance of counsel, the Court will consider whether the holdings of two Supreme Court cases decided last year, *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1375 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012), support his Sixth Amendment claims.

In *Frye*, the Supreme Court held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). The Court further held that to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel, and he must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. *Id*.

In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132

13

S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id.* The Court held that the proper remedy to cure the ineffective assistance of counsel was to order the prosecution to re-offer the plea agreement and allow the state trial court to "... exercise its discretion in determining whether to vacate the convictions and resentence respondent pursuant to the plea agreement, to vacate only some of the convictions and resentence respondent accordingly, or to leave the convictions and sentence from trial undisturbed." *Id.* at 1391.

*Frye* and *Lafler* do not support McCauley's Sixth Amendment claims because they are factually inapposite to the facts of his case. Even if the two cases were factually similar, neither of them apply retroactively to cases on collateral review, such as McCauley's §2241 petition. Five federal circuit courts have now ruled that because *Frye* and *Lafler* do not announce a new constitutional rule justifying a second or subsequent § 2255 petition, they are not retroactively applicable to cases on collateral review. *Buenrostro v. United States*, 697 F.3d 1137,1140 (9th Cir. 2012) (holding that in both cases, the Supreme Court merely applied the Sixth Amendment right to effective assistance of counsel according to *Strickland*, and established in the plea-bargaining context under established law, and that "... these cases did not break new ground or impose a new obligation on the State or Federal Government."); *In*

14

*re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012); *In re Graham*,---F.3d--- 2013 WL 1736588, at *1 (10th Cir. April 23, 2013) (substantially agreeing with approach taken in *Buenrosto*, *In re King*, and *Hare*).

Finally, to the extent that McCauley claims that his ACCA-enhanced prison sentence which he is currently serving violates the Fifth and/or Sixth Amendments, he can not proceed because he is not claiming that he is actually innocent of the underlying firearm and drug offenses of which he was convicted. *See Jones v. Castillo*, No. 10-5376, 2012 WL 2947933, at *1 (6th Cir. July 20, 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *See Peterman*, 249 F.3d at 462; *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

This Court has rejected claims brought by § 2241 petitioners alleging improper sentence enhancements based upon prior state convictions, and the Sixth Circuit has approved that approach. *See Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011

15

WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051  (6th Cir. Sept. 11,

2012) (same); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No.

09-5991 (6th Cir. July 9, 2010) (same).[4]

Finally, McCauley's claim that *Sawyer* entitles him to relief from his sentence

under § 2241 lacks merit.  Federal courts, including this one, have limited *Sawyer* to

cases involving actual innocence claims asserted by death penalty petitioners.  *See*,

*e.g.*, *Gilbert v. United States*, 640 F.3d at 1321 ("Because death is different, neither

the Supreme Court nor this Court has ever applied the *Sawyer* actual innocence of the

sentence exception except in death penalty cases, and the better view is that the

exception does not apply to non-capital sentencing errors."); *Collins v. Ledezma*, 400

F. App'x. 375, 376 (10th Cir. 2010) ("A claim of actual innocence with respect to a

noncapital sentence enhancement, rather than an underlying crime, does not come

within the scope of § 2255's savings clause."); *Cato v. Holland*, No. 13-CV-34-KKC,

---

[4]

Because McCauley has cited *Begay* in his § 2241 petition, it is worth noting that various courts, including this one, have refused to allow § 2241 petitioners to collaterally challenge their sentences based on *Begay*. *See Brown v. Hogsten*, No. 6:11-CV-140-KSF, 2012 WL 359561, at *4 (E.D. Ky. February 2, 2012), *aff'd*, 2012 WL 5278587, at *1 (6th Cir. Oct. 25, 2012) ("His [Brown's] reliance on *Begay* is misplaced, because it is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim."); *Mackey v. United States*, Nos. 08–23431–CIV, 03–20715–CR, 2009 WL 2407666, at *5 (S.D. Fla.Aug.4, 2009) (because *Begay* addresses only sentencing issues, not the invalidation of a conviction or decriminalization of the petitioner's activities, he could neither assert a *Begay* claim under § 2241 nor argue that his § 2255 remedy was inadequate or ineffective); *Harvey v. Sherrod*, No. 08–CV–613–DRH, 2009 WL 2231718, at *6 (S.D. Ill. Jul 27, 2009) (*Begay* did not permit an "actual innocence" § 2241 claim because it was only an opinion on "statutory construction," not a new constitutional rule, and the § 2255 remedy was not ineffective or inadequate).

2013 WL 1312800, at *5 (E.D. Ky. March 26, 2013); *Gross v. Hickey*, No. 11-CV-169-KSF, 2012 WL 256077, at *7 (E.D. Ky. Jan. 27, 2012) (finding a § 2241 petitioner could not assert an actual innocence claim based on *Sawyer* because it concerned a death penalty petitioner who had been convicted in state court).  Because McCauley complains of a non-capital sentencing error, *Sawyer* does not assist him.

For these reasons, McCauley may not proceed with his claims challenging either his firearm conviction **or** his ACCA-enhanced sentence.  McCauley's § 2241 petition will be denied, and this action will be dismissed.

### CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.     Thomas L. McCauley's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**;

2.     The Court will enter an appropriate judgment; and

3.     This matter is **STRICKEN** from the active docket.

This May 9, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge